Richard LOPES, Plaintiff–Appellant,

v.

**HARDWARE DISTRIBUTORS, LTD., Defendant–Appellee,**

and

**R.C. Rubber Company, and Jeff Waytashek, Defendants–Appellees.**

No. 02–1146.

United States Court of Appeals, Federal Circuit.

DECIDED: April 23, 2003.

Rehearing and Rehearing En Banc Denied June 2, 2003.

Before LOURIE, RADER, and LINN, Circuit Judges.

LINN, Circuit Judge.

Richard Lopes ("Lopes") appeals from a decision of the United States District Court for the Northern District of Minnesota, 00–CV–1503, which granted summary judgment in favor of Hardware Distributors, Ltd., R.C. Rubber Co., and Jeff Waytashek ("defendants"), holding that defendants' panel spacers do not infringe certain claims of U.S. Patent Nos. 5,317,853 and 5,367,851 ("the '853 and '851 patents"). We *affirm*.

I

The '853 patent is directed to an expansion joint for wooden doors having a frame surrounding a central panel. One limitation at issue is the claimed "plurality of spheres" disposed in the groove along the interior of the frame. Claim 1 of the '853 patent provides:

1.  An expansion joint in a wooden door having a frame surrounding a central panel comprising:

said frame having a groove about the interior thereof,

a tongue forming at least a portion of the edge of said panel and which extends into said groove for a distance that is smaller than the depth of said groove, portions of said tongue that are outside of said groove being proportioned for entry into said groove in the event of expansion of said panel, and

a *plurality of spheres* of limitedly compressible resilient material disposed in said groove in spaced relation thereabout and being dimensioned to be partially compressed between said frame and panel during assembly of said door,

whereby said spheres continue to engage said frame and panel during expansion and contraction thereof.

'853 patent, col. 4, ll. 30–46 (emphasis added).

The '851 patent is directed to a particular embodiment of panel spacer that can be used in conjunction with the '853 patent invention. Claim 1 of the '851 patent provides:

1.  A panel spacer comprising:

(a) a frustum having one end with a minor diameter and another, larger end with a major diameter;

(b) a second frustum having one end with a minor diameter and another, larger end with a major diameter the same as the major diameter of said first frustum, said frustums axially aligned and *directly joined* one to the other at the larger ends, said pair of frustums formed from a resilient material.

'851 patent, col. 3, ll. 21–31 (emphasis added). Figures 1 and 3 are embodiments of the invention described in the '851 patent:

FIG. 1

FIG. 3

Defendants manufacture and sell an accused panel spacer. Unlike the embodiments of the panel spacers depicted in Figures 1 and 3, the accused panel spacers have a flattened, cylindrical mid-section between the large ends of the two frustums. The defendants concede that the current version of their panel spacers has elements corresponding to every limitation of claim 1 of the '851 patent with one exception: defendants argue that the frustums of their devices are not "directly joined one to the other at the larger ends." We agree. The literal language of the claims requires that the frustums be "directly" connected. Because a cylindrical mid-section separates the two frustums of the accused device, the district court correctly found no literal infringement.

With respect to infringement under the doctrine of equivalents, the district court held that this court's en banc decision in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 234 F.3d 558, 56 USPQ2d 1865 (Fed.Cir.2000), barred the application of the doctrine of equivalents in this case because claim 1 was "amended to add the word 'directly' to describe the location of the two frustums directly abutting one to the other." Because the Supreme Court rejected the complete bar approach, *see Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002), that analysis is now incorrect. However, the district court held in the alternative that even under a flexible bar analysis, prosecution history estoppel precludes Lopes from capturing subject matter surrendered during prosecution. We agree.

The original independent claims covered spacers in which the claimed frustums were "axially aligned and joined one to the other at the large ends." The examiner rejected each claim as being anticipated by Welch and as being obvious over Welch in view of Schaffer. Welch is directed to a dowel fastener. Figures 1 and 2 depict embodiments of the Welch patent:

FIG.I

FIG.2

In light of the rejection, Lopes amended the claims "by adding the word 'directly' to make it clear that nothing separates the large ends of the frustums from each other in applicant's spacer." The claimed frustums are thus "axially aligned and *directly* joined one to the other at the large ends." '851 patent, col. 3, ll. 27–28 (emphasis added). Like the dowel fastener in Welch, the accused device has a cylindrical midsection between two frustums. Under classic notions of prosecution history estoppel, Lopes cannot both argue to the PTO that his invention is distinguishable over the prior art because "nothing separates the large ends of the frustums from each other," and at the same time contend that the '851 patent claims cover a device that has "something" separating the two frustums. A patentee is not free to re-trade or renege on a deal struck with the PTO during patent prosecution. *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1425, 44 USPQ2d 1103, 1113 (Fed.Cir.1997) (citing *Mark I Mktg. Corp. v. R.R. Donnelley & Sons, Co.*, 66 F.3d 285, 291–92, 36 USPQ2d 1095, 1099–1100 (Fed.Cir.1995)). When an applicant distinguishes prior art by surrendering some previously-claimed subject matter, the patentee may not later seek to recover that surrendered subject matter by the doctrine of equivalents. *See id.; see also Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 30–31, 117 S.Ct. 1040, 137 L.Ed.2d 146, 41 USPQ2d 1865, 1871–72 (1997). Thus, the district court's alternative holding that the accused spacers do not infringe under the doctrine of equivalents is affirmed.

■ Turning next to the '853 patent, Lopes concedes that there is no literal infringement. Lopes argues that the accused bi-frustum spacers with cylindrical midsections meet the "plurality of spheres" limitation of claim 1 of the '853 patent under the doctrine of equivalents. Again,

the district court held that an amendment to the claims of the '853 patent triggered the complete bar of our since-vacated decision in *Festo*. The district court's analysis under that theory is no longer sound. However, because no reasonable juror could conclude that the accused bi-frustum spacers perform in substantially the same way as the claimed spheres, we affirm the grant of summary judgment. *See, e.g., Engel Indus., Inc. v. Lockformer Co.*, 96 F.3d 1398, 1406–07, 40 USPQ2d 1161, 1166–67 (Fed.Cir.1996) (reversing finding of infringement under the doctrine of equivalents because the accused system performed in a substantially different way than the patented system).

To prove infringement under the doctrine of equivalents, Lopes bears the burden to prove that there are no substantial differences between the claimed spheres and the accused bi-frustum spacer. The evidence of record includes the testimony of witnesses, some of whom testified that the accused device performs the same function and achieves the same result. None of those witnesses testified that the accused device performs in the same way. To the contrary, Lopes himself, in his declaration in opposition to defendants' motion for summary judgment, testified that he "previously made expansion joints incorporating Mr. Larson's bi-frustum component and they function the same as my Space Balls® *except that the product could only be placed in the groove of a door frame in one direction, i.e., in a horizontal orientation.*" (emphasis added). Thus, unlike the claimed spheres, the way in which the accused device works requires that it be placed in the groove in a single direction. Based on Lopes' admission, and construing all the evidence in Lopes' favor, no reasonable juror could conclude that the accused device performs in the same way as the patented invention. Because

the function/way/result test is not satisfied, the differences are not insubstantial. We conclude that the district court's grant of summary judgment of no infringement was appropriate on the alternative ground stated, and we find no error in that judgment.

■ The final issue before this court is whether the district court erred in granting summary judgment of no infringement by panel spacers sold by defendants before May 12, 1995. The record does reflect that defendant Waytashek changed the design of the accused panel spacers after receiving an opinion of counsel. The record also contains a statement by Waytashek that he toured a cabinet shop and was shown a panel spacer that he "now know[s] it belongs to patent '851." Waytashek later quoted a price to that cabinet maker and eventually did business with him. Lopes did not proffer any evidence of the design of the pre–1995 panel spacer. There are no drawings, no descriptions, and no samples of those products in the record. Lopes argues that a patentee need not produce the actual infringing device to support a finding of infringement and cites *Allen Archery, Inc. v. Browning Manufacturing Co.,* 819 F.2d 1087, 1098, 2 USPQ2d 1490, 1498 (1987), for that proposition. In *Allen Archery,* the accused infringer argued that a finding of infringement was precluded because none of the accused products produced at trial were manufactured before the complaint was filed. This court rejected that argument because the district court found that the accused products produced at trial and those sold before the allegations of infringement were "mechanically the same." *Id.* Here, it is undisputed that the panel spacers sold before May 12, 1995, were different than those produced during discovery. As the non-moving party who would have the burden of proof at trial, Lopes had an obligation to bring forth evidence showing a genuine issue of material fact on the infringement issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Without any evidence of the structure of the accused panel spacers sold before May 12, 1995, Lopes leaves the court to surmise what the structural configuration of the accused product was before May 12, 1995, from the evidence he contends meets his burden circumstantially. While circumstantial evidence may be probative, the burden of proof by a preponderance of the evidence must be carried nonetheless. Here, the evidence is simply too thin to demonstrate what the shape and characteristics of the accused device were to present a genuine issue. Thus, we conclude that summary judgment of non-infringement of pre-May 12, 1995 products was appropriate.

## II

The district court's decision came before the Supreme Court's decision in *Festo.* To the extent that the district court applied a complete bar to the doctrine of equivalents, that analysis is no longer sustainable. However, because no reasonable juror could find infringement of either the current or pre–1995 panel spacers under either of the patents-in-suit, the grant of summary judgment is affirmed.